UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Dawn Tipton**, <br><br> Plaintiff, <br><br> v. <br><br> **Family First Caregivers, Inc.** and **James Nowak**, <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiff, Dawn Tipton ("Plaintiff"), sues the Defendants, Family First Caregivers, Inc. and James Nowak (collectively "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.01; and ORC § 4113.15 for Defendants' failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

4. ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendant.

8. At all material times, Defendant Family First Caregivers, Inc., is a corporation duly licensed to transact business in the State of Ohio. At all material times, Defendant Family First Caregivers, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

9. At all material times, Defendant does business as "Family First Caregivers."

10. At all relevant times, Defendant Family First Caregivers, Inc. was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in

the interest of an employer in relation to an employee.  At all relevant times, Defendant Family First Caregivers, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest Family First Caregivers, Inc. in relation to the company's employees, Defendant Family First Caregivers, Inc. is subject to liability under the FLSA.

11. Defendant James Nowak is the owner of Family First Caregivers, Inc. and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendant James Nowak is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant James Nowak is the owner of Family First Caregivers, Inc.  At all relevant times, James Nowak had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Family First Caregivers, Inc. in relation to the company's employees, James Nowak is subject to individual liability under the FLSA.

13. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq*.

14. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq*.

15. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

16. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

17. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

18. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

19. Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

20. Plaintiff, in her work for Defendants, regularly produced goods for interstate commerce.

## NATURE OF THE CLAIM

21. Defendants own and/or operate as Family First Caregivers, Inc., an enterprise located in Cuyahoga County, Ohio.

22. Plaintiff was hired by Defendants as a welder and worked for Defendants from approximately December 1, 2019 through March 25, 2020.

23. Defendants, in their sole discretion, agreed to pay Plaintiff $13.50 per hour for all hours she worked.

24. During the time that Plaintiff worked for Defendants, Plaintiff worked approximately 40 hours per week for Defendants.

25. Plaintiff left her employment with Defendants on or about March 25, 2020.

26. Plaintiff was not compensated any wage whatsoever for the final workweek of her employment with Defendants.

27. Despite having worked approximately 40 hours for Defendants in her final workweek, Defendants did not pay her any wage whatsoever for such time worked.

28. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

29. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4111.

30. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4113.

31. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during her final workweek.

32. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during her final workweek.

33. Defendants have and continue to violate the ORC § 4113 by not paying Plaintiff any wage whatsoever for all hours worked during her final workweek.

34. Plaintiff is a covered employee within the meaning of the FLSA.

35. Plaintiff is a covered employee within the meaning of ORC § 4111.

36. Plaintiff is a covered employee within the meaning of ORC § 4113.

37. Plaintiff was a non-exempt employee.

38. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

39. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

40. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

41. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

42. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of her employment.

45. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

46. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Dawn Tiptonn, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid

minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: OHIO REVISED CODE § 4111.01
### FAILURE TO PAY MINIMUM WAGE

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of her employment.

49. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

50. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Dawn Tipton, individually, respectfully requests that the Court grant relief in Plaintiffs' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: OHIO REVISED CODE § 4113
### FAILURE TO PAY WAGES OWED

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of her employment.

53. Defendants' practice of willfully failing to pay Plaintiff wages for labor performed violates ORC § 4113.

54. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Dawn Tipton, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 17th day of September, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com